**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KELLYE CROFT,

       Plaintiff - Appellant,

  v.

JAMES DOLAN; HARVEY
WEINSTEIN; AZOFF MUSIC
MANAGEMENT GROUP, INC.; JD &
THE STRAIGHT SHOT, LLC; DOE
CORPS, 1-10,

       Defendants - Appellees.

No. 24-6150

D.C. No.
2:24-cv-00371-PA-AGR

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted December 8, 2025
Pasadena, California

Before: M. SMITH, CHRISTEN, and FORREST, Circuit Judges.

Plaintiff Kellye Croft appeals the district court's order granting Defendants'

motions to dismiss her claims brought pursuant to the Trafficking Victims Protection

Reauthorization Act (TVPRA), 18 U.S.C. §§ 1591, 1595. As relevant here,

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Defendants include James Dolan (together with Dolan's rock band, JD and the Straight Shot, the Dolan Defendants) and the Azoff Company Holdings LLC and the Azoff Company LLC (collectively, the Azoff Defendants). Plaintiff asserted a direct liability claim against the Dolan Defendants. Plaintiff also asserted a beneficiary liability claim against the Azoff Defendants, arguing that they had constructive knowledge of Dolan's actions or, alternatively, that they had an agency relationship with Dolan. The district court dismissed both claims. Because the parties are familiar with the facts of this case, we do not recount them here except as necessary to provide context for our ruling.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's decision to grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Doe v. Grindr Inc.*, 128 F.4th 1148, 1152 (9th Cir. 2025). We may affirm dismissal "on any ground supported by the record, even if it differs from the rationale of the district court." *United States v. Perez-Garcia*, 96 F.4th 1166, 1172 (9th Cir. 2024). We affirm the district court's dismissal of Plaintiff's direct liability claim against the Dolan Defendants because Plaintiff has not plausibly pleaded illicit means. We also affirm dismissal of her beneficiary liability and vicarious liability claims against the Azoff Defendants.[1]

---

[1] Plaintiff does not challenge the dismissal of her state law tort claims. Accordingly, we do not reach them.

1. To state a claim for direct liability under the TVPRA, a plaintiff must plausibly plead that the defendant

> knowingly . . . in or affecting interstate or foreign commerce . . . [1] recruit[ed], entice[d], harbor[ed], transport[ed], provide[d], obtain[ed], advertise[d], maintain[ed], patronize[d], or solicit[ed] by any means a person . . . [2] knowing, or . . . in reckless disregard of the fact, that means of force, threats of force, fraud, coercion . . . or any combination of such means will be used [3] to cause the person to engage in a commercial sex act.

18 U.S.C. § 1591. The district court dismissed Plaintiff's direct liability claim solely on the basis of her failure to plead the "commercial sex act" element because it found that she did not sufficiently allege that "anything of value was provided to Plaintiff in exchange for her engaging in the alleged sexual relationship with Dolan." On appeal, the Dolan Defendants argue that Plaintiff also failed to properly plead illicit means and an enumerated act. We conclude that, even assuming Plaintiff has plausibly pleaded a commercial sex act, she has failed to plead factual matter sufficient to state the use of illicit means. We therefore affirm dismissal of Plaintiff's direct liability claim on that basis.

Section 1591(a) "requires Plaintiff[] to plausibly allege that [Dolan] enticed [her] with knowledge that means of force or fraud would be used to cause a commercial sex act to take place." *Acevedo v. eXp Realty, LLC*, 713 F. Supp. 3d 740, 769 (C.D. Cal. 2024) (citing *United States v. Todd*, 627 F.3d 329, 333–34 (9th

Cir. 2010)). She alleges only fraud and coercion, *see* 18 U.S.C. § 1591(a); neither is adequately pleaded.

Plaintiff's fraud allegations fail because her operative complaint does not contain facts that demonstrate Dolan knowingly defrauded her in order to cause her to engage in a commercial sex act. *See* 18 U.S.C. § 1591(a); *see also United States v. Maynes*, 880 F.3d 110, 114 (4th Cir. 2018). The fraud Plaintiff alleges is, at most, the reason for her invitation to join the Eagles tour in Los Angeles. Specifically, Plaintiff "alleges that she was lied to about the reasons she was invited to California, which caused her to be in close proximity to be exploited" by Dolan. But alleging that Dolan fraudulently secured Plaintiff's presence in Los Angeles is insufficient to show that he intended to defraud her into engaging in a commercial sex act. This is especially true where Plaintiff's theory of fraud is undermined by other allegations in her complaint that tend to show she had been invited to Los Angeles to provide massage services.

Plaintiff similarly fails to plead coercion. The TVPRA defines "coercion" to mean

> (A) threats of serious harm to or physical restraint against any person; (B) any scheme, plan, or pattern intended to cause a person to believe that failure to perform an act would result in serious harm to or physical restraint against any person; or (C) the abuse or threatened abuse of law or the legal process.

18 U.S.C. § 1591(e)(2). "Serious harm," in turn, "means any harm, . . . including

psychological, financial, or reputational harm, that is sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing commercial sexual activity in order to avoid incurring that harm." *Id.* § 1591(e)(5).

Plaintiff does not plausibly allege that, under the circumstances of this case, losing out on career opportunities constitutes "serious harm." *Id.* The crux of Plaintiff's argument is that working on the Eagles tour was "the career break of her lifetime," and she "understood that rebuffing Dolan and alienating him would jeopardize" her current and future work opportunities. To be sure, "financial pressure, including the threat of financial harm, may constitute serious harm under the [TVPRA]." *Estavilla v. Goodman Grp.*, 2022 WL 539192, at *13 (D. Mont. Feb. 23, 2022) (collecting cases). But Plaintiff does not allege either financial pressure or threat of financial harm. *Cf. Schneider v. OSG, LLC*, 2024 WL 1308690, at *6 (E.D.N.Y. Mar. 27, 2024) (finding serious financial harm where plaintiff alleged that "defendants *intended* to make the plaintiff believe that he would suffer serious harm" and where plaintiff alleged he was explicitly threatened with "public humiliation" (emphasis added)); *Richardson v. Northwestern University*, 2023 WL 6197447, at *6 (N.D. Ill. Sept. 21, 2023) (finding serious financial harm from university's imposed "payback requirement" where plaintiff was mandated to repay university $10,000 when she could not afford to do so). Thus, we conclude that

Plaintiff has not pleaded coercion.

Because Plaintiff does not plausibly plead illicit means, her direct liability claim against the Dolan Defendants fails, and dismissal was warranted. We therefore do not reach the enumerated act element of her direct liability claim.

2. Plaintiff next appeals the district court's dismissal of her liability theories against the Azoff Defendants. Plaintiff pursues beneficiary liability under § 1595 of the TVPRA and vicarious liability and agency principles. Because we conclude that Plaintiff has not plausibly pleaded her direct liability claim against the Dolan Defendants, her claim against the Azoff Defendants also fails. *See Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 725 (11th Cir. 2021) (explaining that, to state a beneficiary liability claim, a plaintiff "must plead sufficient facts to plausibly allege" that a violation of § 1591(a) occurred); *Doe (K.R.D.) v. Hilton Worldwide Holdings Inc.*, -- F. Supp. 3d. --, 2025 WL 2539010, at *7–8 (N.D. Cal. Sept. 4, 2025) (holding that a beneficiary liability claim "require[s] that the defendant have taken part in an association in fact that assisted, supported, or facilitated a violation of 18 U.S.C. § 1591(a)(1)."). Additionally, beneficiary liability under § 1595 independently fails because the operative complaint does not plausibly plead that the Azoff Defendants had either constructive or actual knowledge that Dolan intended to sexually exploit Plaintiff. None of the "red flags" Plaintiff relies on raise the inference that the Azoff Defendants should have known that Dolan intended to transport her to Los Angeles

to coerce or fraudulently induce her into a sexual relationship.

Likewise, Plaintiff's reliance on vicarious liability principles fails because she does not plausibly allege that the Azoff Defendants controlled Dolan as their agent. On the contrary, the operative complaint alleges that Dolan held power over anyone related to the Eagles tour; that he "controlled the purse strings" related to the Azoff Defendants' other projects involving The Forum venue; and that *Dolan* requested Plaintiff's presence in Los Angeles, which the Azoff Defendants arranged accordingly. Plaintiff contends that the same allegations demonstrate that "Dolan exercised the control and power ceded to him by the Azoff Defendants." Without any allegations that the Azoff Defendants controlled Dolan's conduct, we cannot reasonably draw that inference. We therefore affirm the district court's dismissal of Plaintiff's vicarious liability claim against the Azoff Defendants.

**AFFIRMED.**

24-6150